IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH W. SMOLLECK,            )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil Action No. 17-1077
                               )
NANCY A. BERRYHILL, ACTING     )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
         Defendant.            )

O R D E R

AND NOW, this 21st day of September, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Although Plaintiff initially contends that the Administrative Law Judge ("ALJ") erred in a number of ways in making his decision in this case, Plaintiff's arguments can be summarized

1

by stating that the ALJ erred by: (1) improperly rejecting the medical opinion of Plaintiff's treating physician in assessing Plaintiff's residual functional capacity ("RFC"); (2) failing to consider the opinion of Plaintiff's treating podiatrist in determining Plaintiff's RFC; and (3) failing to include all of the limitations caused by Plaintiff's mental impairments in his hypothetical question to the vocational expert ("VE"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion rendered by treating physician Kevin J. Grosso, D.O. (R. 903-10). A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).

Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ did not fail to provide sufficient reasons for discounting Dr. Grosso's opinion, nor did he substitute his own lay analysis for the judgment of Dr. Grosso in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Grosso's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 404.1527. In fact, the ALJ specified that he was giving Dr. Grosso's opinion "little weight" only after discussing Plaintiff's treatment and examination records, his "somewhat normal level of daily activity and interaction," his work activity, and the other opinion evidence in the record. (R. 17-19). The ALJ also noted that Dr. Grosso's opinion consisted of "checklist-style forms" that appeared to have been completed as an accommodation to Plaintiff, and that included "only conclusions regarding functional limitations without meaningful rationale for such conclusions." (R. 19). The ALJ thus found that the statement had "little probative value" because it was "not supported by any objective evidence." (R. 19). Rather, the ALJ explained that the limitations found by Dr. Grosso were "inconsistent with the

2

unremarkable signs observed on physical and mental status examinations," which he discussed in his decision. (R. 19).

The Court further emphasizes that the opinion of Dr. Grosso at issue here consists of a form report and evaluation that were simply filled out by the doctor. (R. 903-10). The forms largely consist of options to circle or check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that, on its face, Dr. Grosso's opinion lacks significant discussion, explanation, or details to justify his statements contained therein. Regardless, the Court finds that, in any event, the ALJ sufficiently explained his reasons for giving Dr. Grosso's opinion less than controlling weight.

Moreover, in determining Plaintiff's physical RFC, the ALJ also addressed the opinion of state agency medical consultant Nghia Van Tran, M.D., who reviewed Plaintiff's records and assessed him as being capable of performing a full range of light work. (R. 19, 59-62). The ALJ noted that Dr. Tran's opinion was based upon a thorough review of the available medical record and a comprehensive understanding of agency rules and regulations. (R. 19). The ALJ explained that, although Dr. Tran did not have the benefit of evidence received at the hearing level, including testimony from the hearing, he gave Dr. Tran's opinion partial weight because it was generally consistent with the evidence submitted at the hearing level. (R. 19). Nevertheless, based on his consideration of all the evidence of record, the ALJ found that Plaintiff's RFC required the inclusion of additional limitations. Therefore, he included therein additional postural, environmental, and complexity of task limitations. (R. 16, 19). As a result, the ALJ properly assessed Plaintiff as having greater limitations than those found by Dr. Tran, but lesser limitations than those found by Dr. Grosso. (R. 16).

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss Dr. Grosso's opinion, as well as the other relevant opinion evidence addressing Plaintiff's physical impairments that was presented in the record. The Court further finds that substantial evidence supports the ALJ's evaluation of that opinion evidence and his decisions as to the weight he gave to those opinions in making his ultimate determination.

Plaintiff's second argument is that the ALJ failed to consider the opinion of treating podiatrist Alan A. Dzambo, D.P.M. in formulating Plaintiff's RFC. (R. 647-52). The ALJ, however, was not required to discuss any medical opinion that was irrelevant to Plaintiff's condition prior to the expiration of his insured status. See Tecza v. Astrue, No. 08-242, 2009 WL 1651536, at *10 (W.D. Pa. June 10, 2009). In this case, Plaintiff's date last insured was December 31, 2012, but Dr. Dzambo's opinion was dated October 3, 2014, nearly two years later. (R. 652). Additionally, Dr. Dzambo's opinion itself explicitly states, "The limitations above are assumed to be your opinion regarding current limitations only." (R. 652). Moreover, that form further provides that "if [you] have sufficient information to form an opinion within a reasonable degree of medical probability as to past limitations, on what date were the limitations you found above first present?" (R. 652). Dr. Dzambo included no response. (R. 652). Thus, the Court concludes that the ALJ was not required to consider the opinion of Dr. Dzambo in

making his determination because his opinion clearly did not apply to Plaintiff's condition prior to his date last insured.

Finally, Plaintiff argues that the ALJ erred by failing to include certain limitations caused by his mental impairments in the hypothetical question to the VE. The Court notes at the outset that, while the hypothetical questions to the VE must accurately portray the claimant's impairments, such question need only reflect those impairments that are adequately supported by the record, which are also properly in the RFC. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, after reviewing all the relevant evidence, the ALJ determined in his RFC that, among other things, due to Plaintiff's mental impairments, he must avoid workplace hazards such as inherently dangerous moving machinery or unprotected heights and he is limited to performing routine, repetitive tasks at specific vocational preparation (SVP) 1-2. (R. 16).

First, Plaintiff contends that the ALJ failed to include limitations due to Plaintiff's depression and explosive personality disorder in his hypothetical question to the VE. Upon review of the ALJ's decision, however, the Court notes that the ALJ clearly explained that Plaintiff "has demonstrated some complexity of task limitations due to mental impairments considered herein as depression and explosive personality disorder." (R. 18). The ALJ went on to provide a detailed summary of Plaintiff's complaints, examinations, and treatment regarding such impairments. (R. 18). The ALJ then concluded that "[l]imiting the claimant's exposure to workplace hazards and to performing routine, repetitive tasks at specific vocational preparation (SVP) 1-2 adequately accounts for these conditions." (R. 18). Finally, in his hypothetical question to the VE, the ALJ included these same limitations. (R. 46). Thus, the ALJ included in his hypothetical question to the VE those limitations that were supported by the record, which were also properly in the RFC. Plaintiff points to no other limitations that the ALJ should have included in his RFC and the hypothetical question to the VE but did not, nor are any missing limitations apparent to the Court.

Second, Plaintiff contends that the ALJ's hypothetical question to the VE did not account for the limitations in concentration, persistence and pace that the ALJ found Plaintiff to have. More specifically, Plaintiff argues that because the ALJ found Plaintiff to have moderate difficulties in concentration, persistence and pace at Steps Two and Three of the sequential analysis, the ALJ then erred in later concluding that Plaintiff could perform routine, repetitive tasks at SVP 1 and 2. Upon review of the ALJ's decision, however, the Court notes that the ALJ engaged in extensive discussion of such findings, and did not simply include them without explanation or analysis. For example, at Steps Two and Three of the sequential analysis, the ALJ explained that, although Plaintiff claimed to have problems completing tasks, handling stress and following instructions, he generally failed to demonstrate signs of limitations in these areas on mental status examinations, and instead consistently reflected intact cognitive functioning with no deficits in concentration, memory, orientation, or abstract thinking. (R. 15). Thus, after noting his reservations, the ALJ initially found that Plaintiff's mental impairments caused him to have moderate difficulties in maintaining concentration, persistence and pace. (R. 15). The ALJ then went on to clarify in his later analysis that Plaintiff had demonstrated some complexity of task limitations due to his mental impairments, and the ALJ engaged in

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:         Counsel of record

---

significant discussion of those limitations (as discussed, supra). (R. 18). Therefore, the ALJ clearly considered Plaintiff's mental impairments and explicitly assessed those impairments in formulating Plaintiff's RFC and hypothetical question to the VE. The Court concludes that the ALJ did not err in accounting for such difficulties by limiting Plaintiff's exposure to workplace hazards and by limiting Plaintiff to performing routine, repetitive tasks at SVP 1 and 2. See Holley v. Comm'r of Soc. Sec., 590 Fed. Appx. 167, 168-69 (3d Cir. 2014); Oakes v. Colvin, No. 15-507, 2016 WL 4581347, at *12 (W.D. Pa. Sept. 1, 2016).

Accordingly, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not err in assessing the medical opinions and other evidence of record in formulating Plaintiff's RFC, nor did he err in posing his hypothetical question to the VE. Accordingly, the Court affirms.